IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ULISSES MANUEL LEMOS CORREIA,<br>　　Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3:24-CV-3105-N-BW<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, received on December 12, 2024. (Dkt. No. 3.) Based on the relevant filings and applicable law, the petition for a writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** as moot.

## I. BACKGROUND

Ulisses Manuel Lemos Correia, an alien detained in the Prairieland Detention Center in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 challenging the legality and duration of his immigration-related detention. (*See id.*) Correia sought immediate release from that detention. (*See id.* at 7.)

On March 3, 2025, Respondent filed a response to the § 2241 petition, seeking dismissal of the petition for lack of jurisdiction as moot based on Correia's likelihood

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

1

of removal from the United States. (*See* Dkt. No. 9.) After reviewing the U.S. Immigration and Customs Enforcement Online Detainee Locator System, the Court issued an order directing Respondent to clarify whether Correia is still detained. (Dkt. No. 11.) Thereafter, Respondent advised that the United States Immigration and Customs Enforcement removed Correia from the United States on March 13, 2025. (*See* Dkt. No. 12 at 1.) As such, the issue presented in the habeas petition is now moot.

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, the habeas petition only sought Correia's release from custody pending his removal. (Dkt. No. 3 at 7.) Since Respondent's evidence shows Correia is no longer detained and has been removed from the United States, his sole ground for

2

relief is now moot and this court lacks jurisdiction to consider his petition. *See Francis v. Lynch*, 622 F. App'x 455 (5th Cir. 2015) (holding that removal moots habeas petition seeking release from detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001)); *Odus v. Ashcroft*, 61 F. App'x 121, 2003 WL 342719, at *1 (5th Cir. 2003) (same).

### III.  RECOMMENDATION

The Court should **DISMISS** the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, received on December 12, 2024 (Dkt. No. 3), without prejudice as moot.

**SO RECOMMENDED** on October 9, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).